IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

ORIGINAL
FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG - 8 2011

JAMES N. HATTEN, Clerk
By: Denza Bankhead
Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL INFORMATION |
| : | NO. 1:11-CR-379 |
| HECTOR XAVIER MONSEGUR : | |
| a/k/a Sabu : | |
| a/a/a Xavier DeLeon : | |
| a/k/a Leon : | |

### MOTION TO SEAL CRIMINAL INFORMATION AND RELATED FILINGS, AND FOR "JOHN DOE" DOCKETING

Comes now the United States of America, by and through counsel, Sally Quillian Yates, United States Attorney, and David M. Chaiken, Assistant United States Attorney for the Northern District of Georgia, and respectfully files this Motion to Seal Criminal Information and Related Filings, and for "John Doe" Docketing, showing the Court as follows:

1.

The United States is investigating a series of computer network intrusions and distributed denial of service attacks that are believed to have been executed by a group of computer hackers known as "Lulz Security," or "LulzSec," throughout the U.S. and internationally between March 2011 and July 2011, including an attack on an FBI-affiliated website in the Northern District of Georgia, the Infragard Atlanta Members Alliance website, that took place on or about June 3, 2011.

2.

On June 7, 2011, federal agents in the Southern District of New York arrested the defendant, HECTOR XAVIER MONSEGUR, on charges relating to the investigation. The defendant is believed to be the leader of LulzSec.

3.

The defendant is actively cooperating with the government and has indicated an intent to continue cooperating proactively with the government. The defendant has provided the government with detailed information about LulzSec and certain individuals who are suspected of being involved in network intrusions and distributed denial of service attacks.

4.

Pursuant to a negotiated plea agreement with the government, on August 4, 2011, the defendant waived formal indictment in open court in the United States District Court for the Southern District of New York to permit the filing of Criminal Informations against him in the United States District Courts for the Southern District of New York, Central and Eastern Districts of California, Northern District of Georgia, and Eastern District of Virginia. Further, the defendant consented to the transfer of all of the charges against him to the Southern District of New York for purposes

of a guilty plea, pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

5.

Given security concerns and to protect the integrity of the investigation, the defendant's initial appearance in the Southern District of New York took place under seal, the courtroom was closed to the public, all filings were made under seal, and the Southern District of New York clerk's office was ordered to caption the public docket in the name of "John Doe," rather than in the defendant's true name.

6.

The defendant's cooperation with the government remains ongoing, including in a proactive and undercover capacity.

7.

The government anticipates that the investigation may result in the identification of additional targets and additional charges in one or more federal districts. Additionally, the investigation to date has been subjected to intense media scrutiny, and is a matter of great public interest, both in the United States and internationally.

8.

Due to the defendant's ongoing cooperation, the ongoing nature of the investigation, and the intense public interest in the investigation, premature disclosure of the plea

agreement with the defendant and the charges against him, which will necessarily be revealed through the Criminal Information, Waiver of Indictment, and Rule 20 paperwork being filed concurrently herewith, will significantly compromise the investigation by eliminating the government's ability to make use of the defendant's proactive cooperation, alerting potential suspects and witnesses to the precise matters being reviewed and the status of the investigation to date, and possibly causing suspects or witnesses to attempt to evade law enforcement or even flee to avoid investigation or prosecution.

9.

In addition, premature disclosure of the plea agreement and the charges against the defendant raise security concerns that are somewhat unique to this investigation. Specifically, the FBI believes that the investigative targets who are the subject of the defendant's proactive cooperation include certain computer hackers who monitor public court dockets to gather intelligence and gauge their law enforcement exposure. Further, the FBI believes that certain of the individuals under investigation are known to engage in reprisals against law enforcement and to retaliate against other individuals who are believed to be assisting or cooperating with the government. Among other measures, the hackers are known to

hack into social networking websites, email accounts, and other sources in order to obtain personal information about their target and his family members, and then publicly disseminate that information on the Internet, including home addresses and phone numbers, email addresses and passwords, and birth dates. The publicly available information may then be used to harass the cooperator and the cooperator's family in a variety of ways, ranging from causing hundreds of pizzas to be delivered to their homes, to triggering the deployment of a law enforcement SWAT team to their home based on the reporting of a phony hostage situation, referred to as "SWATTING." SWATTING creates a substantial risk of danger for the cooperator, the cooperator's family, and law enforcement.

10.

The government further requests that the Court direct the clerk to omit the name and office affiliation (e.g., FDP New York) of the defendant's counsel, a court-appointed attorney with the Federal Public Defender Program in the Southern District of New York, from the Court's public docket until further order of the Court. Given public information that is known about the defendant, he appears to be the only member of LulzSec believed to reside in the Southern District of New York. Accordingly, if hackers monitoring PACER locate a docket showing recent computer hacking charges under 18 U.S.C.

§ 1030(a)(5), filed against a "John Doe" defendant in Atlanta, the site of one of LulzSec's highest-profile attacks, where the defendant is represented by a Federal Public Defender in the Southern District of New York and all of the filings are sealed, the hackers may correctly conclude that the defendant has been charged with the Atlanta Infragard attack and is cooperating with law enforcement in New York.

11.

The requested relief does not improperly infringe upon the First Amendment or common law rights of access to the courts because the compelling law enforcement interest in preserving the integrity and confidentiality of a federal grand jury investigation outweighs those interests. Further, this Motion does not request the wholesale sealing of the pleadings and the entire docket in this case. Instead, this Motion requests a public docket captioned as United States v. John Doe. This request is intended to comply with Eleventh Circuit precedent prohibiting the indefinite sealing of criminal dockets in a manner that would create a parallel system of "shadow" or "secret" dockets completely hidden from the public. See United States v. Ochoa-Vasquez, 428 F.3d 1015, 1027-28 (11th Cir. 2005); United States v. Valenti, 987 F. 2d 708, 715 (11th Cir. 1993). By contrast, the docketing requested here would provide sufficient information for a

member of the public to learn of the existence of the case and challenge its sealing.

12.

The undersigned Assistant United States Attorney has conferred with Northern District of Georgia Clerk of Court James N. Hatten and Supervisor Denza Bankhead about the relief requested herein, and has confirmed that the Northern District Clerk's Office is amenable to, and capable of, docketing the case in conformance with this request, upon an appropriate order from the Court.

13.

Accordingly, the government respectfully requests that the Court enter the attached order directing that

(a) these proceedings be docketed as <u>United States v. John Doe</u>, No. 1:11-CR-379 on the Court's public docket;

(b) the name and office affiliation (e.g., FDP New York) of the defendant's counsel be omitted from the public docket; and

(c) this Motion and any ensuing order to seal, the defendant's Waiver of Indictment, Criminal Information No. 1:11-CR-379, Defendant Information Sheet, Consent to Transfer Case for Plea and Sentence, Rule 20 Transfer Notice, and any ensuing orders or docket entries necessary to execute the transfer be filed under seal and noted on the public docket as

7

"sealed filing" or its equivalent, until further order of this Court.

14.

The government does not intend for the charges against the defendant and the nature of his cooperation to be kept under seal indefinitely. Rather, the government anticipates that, once the defendant's cooperation ceases, either due to the arrest and prosecution of additional targets or otherwise, the government will move to unseal the pleadings and correct the public docket to reflect the defendant's true name.

15.

The undersigned is informed that, in discussions with Assistant United States Attorneys in the Southern District of New York, the defendant's counsel in the Southern District of New York has consented to sealing of these proceedings and captioning as <u>United States v. John Doe</u> to protect the defendant's ability to cooperate and ensure his safety.

**CONCLUSION**

WHEREFORE, the United States of America respectfully requests that the Court enter the attached order sealing these proceedings as set forth in the order.

Respectfully submitted, this 8th day of August, 2011.

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

DAVID M. CHAIKEN
ASSISTANT UNITED STATES ATTORNEY

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA   30303
(404)581-6000
(404)581-6181 (Fax)

Georgia Bar No. 118618