FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG - 8 2011

JAMES N. HATTEN, Clerk
By: Denga Bankhead
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL INFORMATION |
| v. : | |
| : | NO. 1:11-CR-379 |
| HECTOR XAVIER MONSEGUR : | |
|     a/k/a Sabu : | |
|     a/a/a Xavier DeLeon : | |
|     a/k/a Leon : | |

### ORDER

Having read and considered the government's Motion to Seal Criminal Information and Related Filings, and for "John Doe" Docketing, and for good cause shown, the government's Motion is hereby GRANTED, as set forth below.

### I. Governing Authority

"The press and public enjoy a qualified First Amendment right of access to criminal trial proceedings." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005) (quoting *Globe Newspaper Co. v. Superior Court for the County of Norfolk*, 457 U.S. 596, 603 (1982)). While there is a presumption of openness, this presumption may be rebutted if the proponent of the seal can establish "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 1030 (quoting *Press-Enterprise Co. v.*

1

*Superior Court of California, Riverside County*, 464 U.S. 501, 510 (1984)). When sealing criminal proceedings or documents, a court must articulate the overriding interest "along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id*. The Eleventh Circuit has opined that these findings "should include[, among other facts,] the reason for the closure . . . [and] the evidence that supports the need for the closure" (*id*. at 1030 n.16 (quoting *Douglas v. Wainwright*, 714 F. 2d 1532, 1546 n.16 (11th Cir. 1983)), except to the extent that disclosing the reasons would "reveal sensitive information that, if publicized, would defeat the purpose of keeping the proceeding or record sealed in the first place." *Id*.

## II. Factual Findings

Based on the facts set forth in the government's Motion to Seal, the Court finds that the government has presented "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest" sufficient to rebut the presumption of openness that applies to federal criminal proceedings.

The proceedings for which the sealing and "John Doe" docketing are requested relate to an ongoing investigation. The crimes being investigated have drawn public scrutiny, and certain targets of the investigations are known to monitor court dockets to gauge their own exposure and/or embarrass, harass, and potentially retaliate

2

against, cooperators.

Most importantly, the defendant in the above-captioned proceedings is cooperating with law enforcement proactively and in an undercover capacity, and the public disclosure of these proceedings, the defendant's identity, the nature of the charges, and other information would eliminate the defendant's ability to work undercover on behalf of the government to identify targets and help gather evidence. It could also potentially subject the defendant to reprisals and retaliation by other targets, even giving rise to physical safety concerns. Disclosure at this time would also alert potential suspects and witnesses to the precise matters being reviewed and the status of the investigation to date, and possibly cause suspects or witnesses to attempt to evade law enforcement or even flee to avoid investigation or prosecution.

The government does not intend for the proceedings to be kept under seal indefinitely, but intends to move to unseal them as soon as the defendant's cooperation ceases, either due to the arrest and prosecution of additional targets or otherwise. At that time, the government will also move to unseal the pleadings and correct the public docket to reflect the defendant's true name.

Given that the investigation is only a few months old at this stage, and is ongoing, the government has also demonstrated good cause for the sealing to last an initial period of ninety days, subject to further extensions upon an appropriate showing from the

government.

The government has represented to the Court that the defendant's counsel has consented to the sealing of these proceedings, to protect the defendant's ability to cooperate, to ensure the defendant's safety, and to protect the integrity of the ongoing investigation.

The Court further finds that disclosing the text and substance of the government's Motion and this Order would defeat the purpose of the request to seal, and therefore that both documents should be sealed in their entirety.

### III. Conclusion

Accordingly, the government's Motion to Seal is hereby GRANTED, as follows:

It is hereby ORDERED that

1. these proceedings be docketed as <u>United States v. John Doe</u>, No. 1:11-CR-379 on the Court's public docket;
2. the name and office affiliation of the defendant's counsel (e.g., firm or office, and city, state) be omitted from the Court's public docket; and
3. all filings and docket entries be sealed, to include the government's Motion, this Order, and any ensuing orders, the defendant's Waiver of Indictment, Criminal Information No. 1:11-CR-379, Defendant Information Sheet, Consent to Transfer Case for Plea and Sentence, Rule 20

    Transfer Notice, and any ensuing orders or docket entries necessary to execute the transfer; and

4. The seal shall expire after a period of ninety (90) days from the date of this Order, unless the government presents grounds for the seal to be extended further.

So ORDERED this 8th day of August, 2011.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE